IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL S. WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-180-D |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Robert E. Bacharach pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Judge Bacharach recommends affirmance of a decision of the Social Security Administration denying Plaintiff's application for disability insurance benefits. Plaintiff has timely filed a written objection. The Court must make a *de novo* determination of any portion of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

In this appeal under 42 U.S.C. § 405(g), Plaintiff challenges the decision of an administrative law judge (ALJ) finding no severe impairment or combination of impairments at step two of the sequential analysis. Specifically, the ALJ found Plaintiff had medically determinable impairments of diabetes mellitus, a history of alcoholic pancreatitis, and depression, but no impairment had significantly limited Plaintiff's ability to perform basic work-related activities for twelve consecutive months. (Tr. 14.) In reaching the latter conclusion, the ALJ found Plaintiff complained of symptoms (blackouts and seizure-like episodes) that would limit his ability to do basic work activities but found Plaintiff's evidence regarding the extent of these limitations was not fully

credible. (Tr. 15-16.) Plaintiff challenges these findings as unsupported by substantial evidence and contrary to law. Specifically, Plaintiff contends in his appellate briefs: (1) the ALJ failed properly to evaluate his mental impairment but instead relied on "checkbox" forms completed by medical consultants; (2) the ALJ failed to develop the record but instead improperly relied on Plaintiff's failure to pursue medical treatment, ignoring evidence that Plaintiff's lack of treatment was caused by his inability to pay; and (3) the ALJ erroneously relied on Plaintiff's minimal daily activities as evidence of an ability to perform work-related activities. Judge Bacharach carefully considers, and rejects, these contentions because the administrative record adequately supports the ALJ's findings and because Plaintiff's claims of legal error lack merit.

In his objection, Plaintiff does not expressly challenge Judge Bacharach's conclusion that substantial evidence supports the ALJ's finding that Plaintiff's impairments are not severe. *See* Pl.'s Objection [Doc. 19] at 2. Plaintiff's only specific objection to this portion of the Report rests on his position that medical consultants' "check-off forms do not constitute substantial evidence." *See* Pl.'s Objection [Doc. 19] at 3. Upon independent review of the record, the Court finds itself in full agreement with Judge Bacharach.

At step two, a claimant must make a threshold showing of an impairment that significantly limits his ability to do basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 146-47 (1987); 20 C.F.R. § 404.1520(c). Although the court of appeals has described the requisite showing as "de minimis," the court has explained that "the claimant must show more than the mere presence of a condition or ailment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997). Rather, the claimant must show a determinable impairment of sufficient severity to have "more than a minimal effect on his ability to do basic work activities." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988); *see* 20 C.F.R. § 404.1521(a) ("An impairment is not severe if it does not significantly limit your physical

2

or mental ability to do basic work activities."). Basic work activities are "the abilities and aptitudes necessary to do most jobs," including:

    (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

    (2)  Capacities for seeing, hearing, and speaking;

    (3)  Understanding, carrying out, and remembering simple instructions;

    (4)  Use of judgment;

    (5)  Responding appropriately to supervision, co-workers and usual work situations; and

    (6)  Dealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b).

According to Plaintiff's medical records, his treating physicians reported his diabetes was under "good" control and his depression was controlled by medication; none indicated any work-related restrictions or the limitations claimed by Plaintiff. The only evidence suggesting a severe impairment consisted of testimony of Plaintiff and his wife regarding frequent blackouts and debilitating seizures. The ALJ fully considered this evidence, conducted a thorough credibility assessment, and explained why he found the statements regarding Plaintiff's symptoms to be "not entirely credible." (Tr. 15.) This credibility assessment stands unchallenged except by two narrow arguments discussed below. Instead, Plaintiff focuses on the ALJ's statement, in a single sentence, that he concurred in the assessments of agency medical consultants. Plaintiff contends such assessments are insufficient to support a decision. However, the ALJ did not err by noting the consultants' opinions. *See* 20 C.F.R. § 404.1527(d) ("Regardless of its source, we will evaluate

every medical opinion we receive."). The Court finds no merit in Plaintiff's claim of error based on the ALJ's reference to the agency consultants' opinions.[1]

Similarly, Plaintiff seeks to undermine the ALJ's credibility assessment based on an isolated sentence in the decision: "If claimant's symptoms are as severe as alleged by him and his wife, it is reasonable to assume treatment records would reflect complaints and/or treatment, especially in view of the testimony of 20-30 gashes to his head due to falls." (Tr. 16.) Judge Bacharach finds that, read in context, this sentence does not mean the ALJ relied on a lack of medical treatment to discredit the witnesses' testimony.[2] According to Judge Bacharach, "Plaintiff has misunderstood the [ALJ]'s reasoning." *See* Report & Recom. [Doc. 18] at 8. Plaintiff challenges Judge Bacharach's analysis as constituting "post-hoc rationalization" and supplying an explanation of the ALJ's decision that is not apparent from the decision itself.

In the Court's view, Judge Bacharach is entirely correct. Plaintiff wishes to read into the ALJ's decision an error that is not apparent from the decision itself. Plaintiff's argument ignores the context in which the challenged sentence was written. The sentence appears in a passage in which the ALJ was commenting on the treatment reflected in Plaintiff's medical records. The ALJ noted that Plaintiff had past episodes of hypoglycemia, but "treatment records do not reflect these episodes are of the frequency or severity alleged by the claimant nor do they indicate complaints of blackouts and/or seizures and injuries from falls due to blackouts." (Tr. 16.) The ALJ also noted

---

[1] Any error in consideration of the consultants' opinions would not warrant reversal of the ALJ's decision. The Court finds these opinions were inconsequential to the ALJ's analysis.

[2] According to the Tenth Circuit, "before the ALJ may rely on the claimant's failure to pursue treatment or take medication as support for his determination of noncredibility, he or she should consider '(1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse.'" *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) (quoting *Frey v. Bowen*, 816 F.2d 508, 517 (10th Cir. 1987)).

records of Plaintiff's endocrinologist, including a report in March, 2003, of "no serious hypoglycemia, which is inconsistent with the allegations of Plaintiff and his wife." (Tr. 16.) The Court finds it clear that the ALJ was noting discrepancies between Plaintiff's complaints in disability proceedings and Plaintiff's complaints to, or treatment by, medical providers. In short, the ALJ did not rely on a failure to seek treatment to support his credibility determination.

Finally, Plaintiff criticizes the ALJ for including in his credibility analysis a statement regarding Plaintiff's ability to provide his own personal care and do some household chores.[3] Judge Bacharach rejects this criticism because the ALJ gave numerous other reasons for discounting Plaintiff's subjective complaints. In his objection, Plaintiff argues that the case law cited by Judge Bacharach, *Branam v. Barnhart*, 385 F.3d 1268, 1274 (10th Cir. 2004), is factually distinguishable. Upon independent consideration, the Court finds that the ALJ's comments regarding Plaintiff's daily activities do not undermine the credibility analysis. The observation that Plaintiff continues to drive an automobile is plainly relevant to his allegation of frequent blackouts and seizures. While his performance of minimal household chores had little relevance, the ALJ was specifically required to consider Plaintiff's daily activities in evaluating his symptoms. *See* 20 C.F.R. § 404.1529(a). The fact the ALJ conducted a comprehensive credibility analysis provides an insufficient reason to reverse the ALJ's decision.

For these reasons, the Court finds the ALJ's decision is supported by substantial evidence and based on correct legal standards. The Court therefore adopts Judge Bacharach's Report and Recommendation [Doc. 18] and affirms the Commissioner's decision. Judgment will be entered accordingly.

---

[3] "The 'sporadic performance [of household tasks or work] does not establish that a person is capable of engaging in substantial gainful activity.'" *Thompson*, 987 F.2d at 1490 (quoting *Frey*, 816 F.2d at 516-17) (alteration in *Thompson*).

IT IS SO ORDERED this 4th day of December, 2007.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE